1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DEEDREANNE OTERO,<br><br>　　　　　　　　Defendant. | No. 3:20-cv-6164<br><br>**COMPLAINT** |

Plaintiff, the United States of America, by and through its undersigned attorneys, brings this complaint against Defendant DEEDREANNE OTERO, and alleges the following:

**I. NATURE OF THIS ACTION**

1.　Starting as early as September 2019 and continuing to the present, Defendant has conducted financial transactions with large sums of illegally obtained money, knowing that her transactions are designed to conceal the nature, source, location, ownership, and control of proceeds. Defendant's conduct includes knowingly receiving money obtained via fraud and then immediately transmitting the same money to accomplices. Defendant has transmitted money to and from accomplices in Nigeria and the United States.

COMPLAINT - 1
Case No. 3:20-cv-6164

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

2. The United States seeks to prevent continuing and substantial injury to the United States and victims by bringing this action for a permanent injunction and other equitable relief under 18 U.S.C. § 1345. The United States seeks to enjoin the ongoing commission of banking law violations as defined in 18 U.S.C. § 3322(d), including money laundering in violation of 18 U.S.C. § 1956(a)(1)(B), international money laundering in violation of 18 U.S.C. § 1956(a)(2)(B), and structuring cash transactions to evade transaction reporting requirements in violation of 31 U.S.C. § 5324(a).

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 18 U.S.C. § 1345 and 28 U.S.C. §§ 1331 and 1345.

4. The United States District Court for the Western District of Washington is a proper venue for this action under 28 U.S.C. § 1391(b)(1) & (b)(2) because Defendant is a resident of this District and because a substantial part of the events or omissions giving rise to this Complaint occurred in this District.

## III. PARTIES

5. Plaintiff is the United States.

6. Defendant Deedreanne Otero is a resident of this District, residing in Bremerton, Washington. In connection with the matters alleged herein, Defendant transacts and has transacted business in this District.

## IV. FACTS

### A. Defendant's Ongoing Banking Law Violations

7. Defendant conducts financial transactions to benefit one or more international fraud schemes, knowing that the moneys she receives and transmits are obtained fraudulently,

COMPLAINT - 2
Case No. 3:20-cv-6164

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

knowing that her transactions are designed to conceal the schemes, and structuring her cash transactions in an effort to prevent the filing of required financial transaction reports. Defendant receives financial compensation for this conduct, by transmitting to an accomplice slightly smaller amounts than she receives and keeping the difference for herself.

**(1) Money laundering and international money laundering**

8. Beginning at least as early as September 2019, Defendant has knowingly and willingly accepted hundreds of thousands of dollars from multiple sources and then transmitted most of that money to accomplices, including to locations outside the United States, such as Nigeria.

9. Defendant befriended an accomplice through Facebook in early 2020. Shortly after that, she began receiving direct deposits, wire transfers, and other deposits from a variety of sources and then transferring much of that money to other individuals outside the United States, through electronic withdrawals, wire transfers, and other financial transactions.

10. Starting on or around May 27, 2020, and continuing through September 22, 2020, Defendant transacted approximately $214,000 through her Chase banking account. Defendant received multiple direct deposits, wire transfers, checks, money orders, and other transfers into her account, for a total of at least $107,000. Subsequent to these deposits, Defendant made multiple withdrawals, including through electronic peer-to-peer transfers, wire transfers, debit card transactions, cash withdrawals, and other transfers, for a total of at least $106,000. Approximately $85,000 was sent by wire to Defendant's accomplice in Nigeria and $12,500 were payments to retail or other Washington State business locations, and the remainder was cash withdrawals.

11. Chase contacted Defendant about these transactions and ultimately closed Defendant's bank accounts because of the suspicious activity.

COMPLAINT - 3
Case No. 3:20-cv-6164

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

12. Starting on or around September 5, 2019, and continuing through June 29, 2020, Defendant received and sent a series of wire transfers. Specifically, Defendant received 14 transfers from 11 different senders in the United States, Canada, Norway, and Serbia and then sent a total of 11 transfers to payees in the United States, Turkey, and Nigeria. None of the individuals had any identifiable relationship with Defendant. Moneygram and Western Union ultimately blocked Defendant from sending wire transfers.

13. Defendant also sent money to her accomplice in Nigeria through a variety of online services, such as giving her accomplice access to her Bitcoin account (i.e. online wallet) and through Xoom wire transfers to First Bank of Nigeria.

*(2)* **Structuring**

14. Defendant engaged in conduct designed to cause domestic financial institutions to fail to file a report required under 31 U.S.C. § 5313(a), and the regulations promulgated thereunder. Defendant repeatedly caused and attempted to cause her cash withdrawals to be structured in amounts designed to avoid this transaction reporting requirement.

15. For example, Defendant made multiple cash withdrawals from her Chase account for a total of $9,200 and multiple wire transfers in order to avoid reporting requirements.

**B. Defendant's Knowledge of Fraud; Intent to Conceal the Nature, Source, Location, Ownership, or Control of Proceeds; and Intent to Evade Transaction Reporting Requirements**

16. On information and belief, Defendant has engaged in the financial transactions alleged in Paragraphs 7 through 15 with the knowledge that the moneys she receives from and transmits to accomplices are obtained by fraud schemes or other specified unlawful activity.

COMPLAINT - 4
Case No. 3:20-cv-6164

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

17. On information and belief, Defendant has engaged in the financial transactions alleged in Paragraphs 7 through 12 with the intent to conceal the nature, source, location, ownership, or control of proceeds.

18. On information and belief, Defendant has engaged in the financial transactions alleged in Paragraphs 14 and 15 with the intent to evade transaction reporting requirements.

### C. Harm to the United States

19. The United States is suffering continuing and substantial injury from Defendant's banking law violations.

20. Defendant is continuing to facilitate her banking law violations. Absent injunctive relief by this Court, Defendant will continue to cause continuing and substantial injury to the United States and victims.

### COUNT I
### (18 U.S.C. § 1345 – Injunctive Relief)

21. The United States re-alleges and incorporates by reference Paragraphs 1 through 20 of this Complaint as though fully set forth herein.

22. By reason of the conduct described herein, Defendant has committed, is committing, and is about to commit banking law violations as defined in 18 U.S.C. § 3322(d), including money laundering with intent to conceal in violation of 18 U.S.C. § 1956(a)(1)(B)(i), money laundering with intent to evade transaction reporting requirements in violation of 18 U.S.C. § 1956(a)(1)(B)(ii), international money laundering with intent to conceal in violation of 18 U.S.C. § 1956(a)(2)(B)(i), international money laundering with intent to evade transaction reporting requirements in violation of 18 U.S.C. § 1956(a)(2)(B)(ii), and structuring cash transactions to evade transaction reporting requirements in violation of 31 U.S.C. § 5324.

COMPLAINT - 5
Case No. 3:20-cv-6164

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

23. Because Defendant is committing or about to commit banking law violations as defined in 18 U.S.C. § 3322(d), the United States is entitled, under 18 U.S.C. § 1345, to seek a permanent injunction restraining all future banking law violations and any other action that this Court deems just to prevent a continuing and substantial injury to the United States.

24. As a result of the foregoing, Defendant's conduct should be enjoined pursuant to 18 U.S.C. § 1345.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, United States of America, requests of the Court the following relief:

A. That the Court issue a permanent injunction, pursuant to 18 U.S.C. § 1345, ordering that Defendant is restrained from engaging, participating, or assisting in money laundering, international money laundering, structuring transactions to evade transaction reporting requirements, and any money transmitting business; and

B. That the Court order such other and further relief as the Court shall deem just and proper.

Respectfully submitted this 30th day of November, 2020.

BRIAN T. MORAN
United States Attorney

*s/ Nickolas Bohl*
NICKOLAS BOHL, WSBA #48978
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax:     206-553-4067
Email:  nickolas.bohl@usdoj.gov

Counsel for United States of America

COMPLAINT - 6
Case No. 3:20-cv-6164

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Western District of Washington and is the person of such age and discretion as to be competent to serve papers;

It is further certified that on this day, I mailed by United States Postal Service said pleading to Defendant, addressed as follows:

Deedreanne Otero
3426 Almira Dr., Apt C
Bremerton, WA 98310

Dated this 30th day of November, 2020.

Ryan Hardy, Investigative Analyst
United States Attorney's Office
700 Stewart St., Ste. 5220
Seattle, WA 98101
Phone: 206-553-7970
E-mail: ryan.hardy@usdoj.gov

COMPLAINT - 7
Case No. 3:20-cv-6164

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970